# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EMIE I. DUYGUN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N19C-04-261 ALR |
| | ) | |
| OFFICER ALLEN and NEW CASTLE | ) | |
| COUNTY POLICE DEPARTMENT, | ) | |
| Defendants. | ) | |

Submitted: June 20, 2019
Decided: August 1, 2019

***Upon Defendant's Motion to Dismiss***
**GRANTED**

## ORDER

Upon consideration of the Motion to Dismiss filed by Defendants Officer Allen and New Castle County Police Department ("NCCPD"); the response thereto filed by Plaintiff Emie I. Duygun ("Plaintiff"); the facts, arguments, and legal authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.  On April 29, 2017, NCCPD officers, including Officer Allen, responded to a domestic call at the residence of Yen "Annie" Shih. Plaintiff had arrived at the residence early the morning of April 29, 2017 requesting to see his children. At the time of the incident, Shih claimed to have an order of protection from abuse ("PFA Order") that required Plaintiff to stay 100 yards away from Shih and her residence.

2.     The PFA Order did not explicitly provide the time of expiration but only stated: "THIS ORDER SHALL EXPIRE ON 04/29/2017."  Recognizing a question existed concerning the exact time of expiration, NCCPD contacted the Justice of the Peace Court for guidance.  A magistrate of the Justice of the Peace Court told officers that the PFA Order was still active and would not expire until the end of the day on April 29, 2017.

3.     Based upon this information, Officer Allen believed there was probable cause that Plaintiff was in violation of the PFA Order.  Officer Allen handcuffed and escorted Plaintiff to a police vehicle for transport to NCCPD.

4.     NCCPD subsequently responded to the Justice of the Peace Court to obtain a warrant charging Plaintiff with Criminal Contempt of the PFA Order.  The Justice of the Peace Court declined to approve the warrant because the court could not ascertain an expiration time on the PFA Order.[1]

5.     No charges were filed and Plaintiff was immediately released from NCCPD custody.  Plaintiff alleges he spent five hours in a cell before being released.

6.     On April 30, 2019, Plaintiff filed a civil lawsuit against Officer Allen and NCCPD alleging theft, illegal arrest, and false imprisonment in connection with

---

[1] Although NCCPD responded to the same Justice of the Peace Court that was contacted earlier that day, a different magistrate reviewed and denied the warrant.

Plaintiff's interaction with Officer Allen and other NCCPD officers on April 29, 2017.

7.    On June 6, 2019, Officer Allen and NCCPD filed the Motion to Dismiss that is currently before the Court on the grounds that Plaintiff is not entitled to the requested relief under any reasonably conceivable set of circumstances susceptible of proof.[2]  On June 20, 2019, Plaintiff filed a response in opposition to the Motion to Dismiss.

8.    On a motion to dismiss for failure to state a claim upon which relief can be granted,[3] the Court must read the complaint generously, accept all well-pled allegations contained therein as true, and draw all reasonable inferences in a light most favorable to the non-moving party.[4]  A complaint is well-pled if it puts the opposing party on notice of the claim being brought against it.[5]  Dismissal is warranted only "when the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[6]  Allegations that are merely conclusory and lacking factual basis will not survive a motion to dismiss.[7]

---

[2] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[3] Super. Ct. Civil R. 12(b)(6).
[4] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).
[5] *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 58 (Del. 1970).
[6] *Ridley v. Bayhealth Med. Ctr., Inc.*, 2018 WL 1567609, at *3 (Del. Super. Mar. 20, 2018) (internal citations omitted).
[7] *Cornell Glasgow, LLC v. La Grange Properties, LLC*, 2012 WL 2106945, at *7 (Del. Super. June 6, 2012) (internal citations omitted).

9. Plaintiff names NCCPD as a defendant in this lawsuit. Nevertheless, NCCPD is a division of New Castle County and may not be sued as a separate entity.[8] Accordingly, NCCPD must be dismissed as a party.

10. Moreover, even if the Complaint were amended to name New Castle County as a defendant, New Castle County is similarly immune from liability. Pursuant to the County and Municipal Tort Claims Act ("Act"), "all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages"[9] unless the alleged tortious acts or omissions resulted in "property damage, bodily injury or death."[10] In cases where liability may exist, notice must be provided to the County within one (1) year of the date of an alleged injury as a prerequisite to filing a lawsuit.[11] Here, Plaintiff's illegal arrest and false imprisonment claims sound in tort and Plaintiff seeks recovery of monetary damages. Nevertheless, Plaintiff does not claim property damage, bodily injury, or death, and Plaintiff fails to allege that his claims meet the statutory exemptions from immunity nor the notice requirements under the Act. Accordingly, with respect to

---

[8] *Batiste v. Lee*, 2004 WL 2419130, at *2 (Del. Super. Oct. 14, 2004); *See also Breitigan v. State of Delaware*, 2003 WL 21663676 (D. Del. July 16, 2003) (finding under the *New Castle County Code* and *Delaware Code*, the NCCPD is not a separate entity for purposes of suit, but rather, is distinct department or entity of the County government itself).
[9] 10 *Del. C.* § 4011(a).
[10] 10 *Del. C.* § 4011(c), § 4012.
[11] *New Castle County Code* § 1.01.011 (County's notice requirement adopted pursuant to 10 *Del. C.* § 4013(c)).

4

the alleged tortious acts of illegal arrest and false imprisonment, New Castle County and its employees, including Officer Allen, are immune from liability.

11. In addition, a law enforcement officer is immune from civil and criminal liability for acts arising out of the officer's good faith effort to enforce a protective order, including the arrest of an alleged violator of a protective order.[12] In this case, Officer Allen had reasonable grounds to believe that Plaintiff was violating the PFA Order. Prior to arresting Plaintiff, NCCPD contacted the Justice of the Peace Court and received verification that the PFA Order was valid. Officer Allen viewed the advice of the Justice of the Peace Court to be trustworthy, determined Plaintiff to be in violation of a valid PFA Order, and concluded probable cause existed for Plaintiff's arrest.[13] Accordingly, Officer Allen acted in good faith when enforcing the PFA Order and is immune from all liability.

12. Finally, Plaintiff's allegations of theft fail to state a claim upon which relief can be granted. In support of Plaintiff's allegation of theft, the Complaint refers to Officer Allen and NCCPD's failure to provide Plaintiff with a tow-slip.

---

[12] 10 *Del. C.* § 1046(f). "A law-enforcement officer shall arrest, with or without a warrant, any individual whom the officer has probable cause to believe has violated a protective order … and who has notice or knowledge of the protective order." 10 *Del. C.* § 1046(c).

[13] *See Stafford v. State*, 59 A.3d 1223, 1229 (Del. 2012), as corrected (Mar. 7, 2013) ("Probable cause exists where the facts and circumstances within the arresting officer's knowledge, of which he has trustworthy information, are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been committed.").

Plaintiff also asserts that his garage door opener was "snatched away" and given to Shih in the course of Plaintiff's arrest. The Complaint refers to numerous criminal provisions of Title 11 of the *Delaware Code* and the relief sought is to "press charges of theft." Nevertheless, this Court is without jurisdiction to provide injunctive relief.[14] Moreover, police agencies and the Attorney General have absolute immunity with respect to discretionary decisions to prosecute or not prosecute cases.[15] Plaintiff's allegations of theft fail to refer to a cognizable civil cause of action and therefore must be dismissed.[16]

**NOW, THEREFORE, this 1st day of August, 2019, for the reasons stated herein, the motion to dismiss filed by Defendants Officer Allen and New Castle County Police Department is hereby GRANTED. Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**

cc:  Emie I. Duygun, Plaintiff

---

[14] *Cunningham v. Horvath*, 2004 WL 2191035, at *1 (Del. Super. July 30, 2004). *See also Nat'l Indus. Grp. (Holding) v. Carlyle Inv. Managemen L.L.C.*, 67 A.3d 373, 382 (Del. 2013) (holding that the Court of Chancery has exclusive jurisdiction where injunctive relief is sought).

[15] *Cunningham*, 2004 WL 2191035, at *1.

[16] *See O'Reilly v. Transworld Healthcare, Inc.*, 745 A.2d 902, 912-13 (Del. Ch. 1999) ("plaintiff must make allegations [that] provide the defendant with sufficient notice of the basis for the plaintiff's claim").